[Civil No. 2721. Filed February 6, 1928.]

[263 Pac. 628.]

S. N. HOLMAN, MIRTRUE HOLMAN, and INTEREST BEARING DRAFT COMPANY, a Corporation, Appellants, v. WILLCOX BANK & TRUST COMPANY, Appellee.

Mr. C. Hooker, Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellants.

Messrs. Ellinwood & Ross and Mr. W. H. Mackay, for Appellee.

LOCKWOOD, J.—Willcox Bank & Trust Company, a corporation, hereinafter called appellee, filed a motion to dismiss an appeal taken by S. N. Holman, Mirtrue Holman, and Interest Bearing Draft Company, a corporation, hereinafter called appellants, from a certain judgment rendered by the superior court of Graham county. The motion was based upon the certificate of the clerk of the superior court of Graham county. From said certificate it appears that the facts are as follows:

On October 21st, 1926, judgment was rendered in the superior court of Graham county in favor of plaintiff and against defendants Holman, and on December 6th, their motion for new trial was denied. On December 17th a formal judgment was filed against the

Holmans for some $15,000, with interest, and for a foreclosure of certain mortgages on defendants' property. On December 21st the Holmans gave notice of appeal from the judgment and the order denying new trial, and on May 28th, 1927, filed their statutory affidavit, in lieu of an appeal bond. On June 18th, 1927, they filed in the clerk's office a notice specifying the papers and portions of the record which they deemed necessary to present the questions involved in the appeal, and among the papers so specified was the "transcript of the reporter's notes." No transcript of the reporter's notes or statement of facts or bill of exceptions was ever filed with the clerk of the superior court, nor was there any stipulation filed or order of the court made extending the time in which they could be filed. The record has long been completed, with the exception of the transcript of the reporter's notes, but the same has never been transmitted to this court for the reason that such transcript has never been filed. Defendants Holman, having paid their appearance fee in this court, object to the granting of the motion to dismiss, and allege in substance that they had no money to pay for the transcript of the reporter's notes and have been unable to secure such funds; that they requested the judge of the superior court for an extension of time within which to procure the reporter's transcript, which request was granted, but at the expiration thereof further extension was refused by the judge. Appellants, being unable to procure the transcript, requested the clerk to send up to this court the record without the transcript, but the clerk has failed and refused to do so; and appellants are anxious to have the record, as it is, forwarded so that the court may pass upon it.

Ordinarily a motion of this nature would either be granted or denied without the formality of a written opinion, but since it raises a question which has ap-

parently been the cause of considerable confusion in the minds of litigants and the various clerks of the superior courts of this state, we have determined to lay down the rule governing matters of this kind. The question involved may be stated rather briefly as follows: When a litigant has perfected his appeal and served the notice on the clerk of the court required by paragraph 1256, Revised Statutes of Arizona of 1913, Civil Code, specifying the papers which he desires sent up, and including therein the transcript of the reporter's notes, and the latter for any reason is not procured and filed with the clerk, either within the statutory time, or at all, what is the duty of the clerk in regard to transmitting the record to this court? Paragraph 1258, Revised Statutes of Arizona of 1913, Civil Code, reads as follows:

"1258. Within thirty days after the appeal is perfected or record in the superior court completed, the clerk of the superior court shall transmit to the clerk of the Supreme Court a certified copy of the minute entries of the superior court, and the appeal bond, if any, or affidavit, together with the papers and portions of the record specified in the notices filed by the respective parties, or the stipulation, if any. The record of the superior court shall be deemed completed when the notice of appeal shall have been given and the bond filed, and a bill of exceptions, a statement of facts, or reporter's transcript, wherever the same may be necessary, shall have been allowed and filed."

Under paragraph 1237—

"The appeal shall be deemed perfected when the notice is given and the bond or undertaking is filed, . . . "

and under paragraph 1239 an affidavit may be substituted under certain circumstances for the appeal bond. On the other hand, the record in the superior court is completed after the appeal is perfected "and a bill of exceptions, a statement of facts, or report-

er's transcript, wherever the same may be necessary, shall have been allowed and filed.''

It will be seen from comparing the language of the different sections that if no bill of exceptions, statement of facts, or reporter's transcript is necessary, the completion of the record follows immediately upon the perfecting of the appeal. In such case, of course, the duty of the clerk is plain: He must transmit such portions of the record as are in his possession within thirty days thereafter to this court, and if any are missing his certificate should show the cause. If, however, it becomes necessary to have a bill of exceptions, a statement of facts, or reporter's transcript, the record is not completed until the appeal is perfected and the further filing made, and the thirty days does not begin to run until such time. The necessity of a bill of exceptions, statement of facts, or reporter's transcript on appeal is determined by paragraph 1256, Revised Statutes of Arizona of 1913, Civil Code. In other words, if either party files a notice with the clerk within the time fixed asking for it, it is then assumed to be necessary. If in such notice it is not requested by either party, it is not deemed necessary.

So far the rule is clear. The question, however, arises, assuming that one of the parties has requested the bill of exceptions, statement of facts, or reporter's transcript, and the same has not been filed with the clerk in the time and manner provided by law, or a legal extension thereof, what is the duty of the clerk? On examining and comparing the various sections of the Code, it appears to us that when the time within which such bill of exceptions, statement of facts, or transcript may be filed has expired, it is the duty of the clerk to transmit to this court such part of the record as he may then have, and as may

have been specified by either party, with his certificate showing the reason for not transmitting the bill of exceptions, statement of facts or reporter's transcript, or any other missing portion of the record. If after the transmission of the record any of the missing documents are filed, he should transmit them, showing the date of filing. It will then be for this court to determine, if motion be made for a dismissal of the appeal, whether the time for doing the various acts required should be extended under the provisions of paragraph 1267, which reads as follows:

"1267. The Supreme Court, or any judge thereof may, for good cause shown, enlarge the time within which any of the things provided in this chapter may be done, but the time for taking an appeal shall in no case be extended."

If this court is of the opinion that the delay is excusable, the time will be extended, and the appeal heard on the record as it finally comes up. If, on the other hand, it appears that good cause is not shown therefor, no extension will be allowed, the documents filed after the statutory time had elapsed will be struck from the record, and the court will then take such action as the law requires.

When an appeal has been perfected this court, and this only, has jurisdiction to determine whether or not the appellant may be heard. In order to do so it must have before it the record from the lower court so far as it is possible to be transmitted, and a decision will then be rendered thereon.

In the particular case at bar the motion to dismiss the appeal will be denied at the present time, and the clerk of the superior court of Graham county is ordered to transmit to this court such portions of the record as were specified by the parties in their notices, together with his certificate showing the cause of the absence of any of such documents, with leave

to appellee to then renew its motion for dismissal of the appeal, and to appellant to move for an extension of time within which the record may be brought up.

ROSS, C. J., and McALISTER, J., concur.